UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al., | CASE NO. C24-0182JLR |
| Plaintiffs, | ORDER |
| v. | |
| DOES, | |
| Defendants. | |

## I. INTRODUCTION

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (together, "Plaintiffs") *ex parte* "motion for third party discovery." (Mot. (Dkt. # 5).) This is the second case Plaintiffs have filed in this court and the third time they have moved for such relief. *See generally* Dkt., *Clayton v. Does*, No. C23-1324JLR (W.D. Wash.) [hereinafter *Clayton I*]. The court has considered Plaintiffs' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Plaintiffs' motion.

ORDER - 1

## II.  BACKGROUND

This case arises out of an alleged cryptocurrency scam.  Plaintiffs allege that unknown fraudsters created a fake cryptocurrency exchange accessible via "vip.biitflyeir.com."[1]  (Compl. (Dkt. # 1) at 1.)  Stephen Clayton claims to have deposited 51.355 units of Ethereum ("ETH") into an account on that website, which "appeared and reasonably functioned in the same way as other cryptocurrency trading platforms."  (*Id.* at 2-3.)  He thought he was making "gains," but in reality, nearly all of the ETH had been transferred out of his account "on the back-end."  (*See id.* at 5-6, 9.)

Plaintiffs seek to unmask the "dark net entity" that allegedly defrauded them.  (*Id.* at 9.)  Plaintiffs claim to have "utilized professional cryptocurrency tracing services" to discover the "transaction IDs" associated with the fraudulent transfers of ETH out of Stephen Clayton's account.  (*Id.* at 10.)  According to Plaintiffs, the fraudulent transfers are "definitely associated with wallets on the Binance 14, CEX.IO and OKX 7 exchanges."  (*Id.* at 5.)  Plaintiffs have come to a dead end, however, because the transaction IDs "do not reveal the identities of the users who executed them."  (*Id.* at 10.)  They have "pursued multiple routes outside of Court in an attempt to learn the identities of these specific Defendants," but those "pursuits have not yet yielded actionable information in that regard."  (*Id.*)  Plaintiffs have therefore sued Doe defendants

---

[1] As opposed to "bitflyer.com."  *See A List of Fake Crypto Websites & Trading Platforms 2023*, TrendMicro (Jan. 31, 2022), https://news.trendmicro.com/2022/01/31/a-list-of-fake-crypto-websites-trading-platforms-2022/ ("Scammers create fake cryptocurrency trading platforms or fake versions of official crypto wallet[s] to exploit victims.  These fake sites tend to have similar, but slightly different domain names from the legitimate ones, sometimes making it hard for users to tell.").

("Defendants") and seek leave to serve third-party subpoenas on Binance 14, CEX.IO, and OK7 to discover the individuals behind the transaction IDs.  (*See generally* Mot.)

### III.  ANALYSIS

Before considering the merits of Plaintiffs' motion, the court must "satisfy itself of its jurisdiction over the subject matter" of this lawsuit.  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The court therefore considers whether it has subject matter jurisdiction over Plaintiffs' case before turning to the merits of their motion.

**A.     Subject Matter Jurisdiction**

The court is satisfied that it has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiffs assert claims under the Commodity Exchange Act ("CEA"), a federal statute.  (*See* Compl. at 6, 8.)  In particular, Plaintiffs allege violations of 7 U.S.C. § 6b(a)(2)(B) (Section 4b(a)(2)(B) of the CEA) and 17 C.F.R. §§ 180.1(a)(1)-(2) (Commodity Futures Trading Commission ("CFTC") Rule 180.1).  (*See id.*).  The CEA "includes a private right of action for plaintiffs to enforce its substantive provisions." *Kataman Metals, LLC v. Macquarie Futures USA, LLC*, No. 22cv5272 (DLC), 2023 WL 2775769, at *2 (S.D.N.Y. Apr. 4, 2023) (considering whether the plaintiff has sufficiently pleaded a claim under Section 4b); *see also In re Platinum & Palladium Antitrust Litig.*, No. 1:14-cv-9391-GHW, 2017 WL 1169626, at *34-36 (S.D.N.Y. Mar. 29, 2020) (considering CFTC Rule 180.1 claim brought by private plaintiffs); 7 U.S.C. § 25(a)(1). Although the court previously determined that it lacked subject matter jurisdiction over

Plaintiffs' case, that was because Plaintiffs' "only purported federal claims [were] brought under Title 18, 'a federal criminal statute which does not create civil liability or a private right of action.'"  Order at 2, *Clayton I*, Dkt. # 13 [hereinafter "12/6/23 Order"] (quoting *Carrow v. Roberts*, No. EDCV 21-1525 JGB (SHKx), 2022 WL 2102934, at *5 (C.D. Cal. Jan. 3, 2022)).

Satisfied that it has subject matter jurisdiction, the court proceeds to consider Plaintiffs' motion on the merits.

**B.     Plaintiffs' Motion**

The court has a "duty to construe pro se motions liberally." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).  Accordingly, the court construes Plaintiffs' motion as one requesting leave to serve third-party subpoenas prior to a Rule 26(f) conference.  *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 301 (E.D. Cal. 2016) (ruling on such a motion).

A party may seek production of documents from third parties pursuant to Federal Rule of Civil Procedure 45.  *See* Fed. R. Civ. P. 45(a)(1).  "The scope of third-party discovery is governed by Rule 26 and includes 'any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case.'"  *Bel Power Sols., Inc. v. Monolithic Power Sys., Inc.*, No. C23-0008JCC, 2023 WL 2401926, at *1 (W.D. Wash. Mar. 8, 2023) (quoting Fed. R. Civ. P. 26(b)(1)).

"As a general rule, discovery proceedings take place only after the defendant has been served." *MG Premium Ltd. v. Does 1-20*, No. C20-5134BHS, 2020 WL 1675741, at *1 (W.D. Wash. Apr. 6, 2020) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185

F.R.D. 573, 577 (N.D. Cal. 1999)). Courts have made exceptions to this rule "in rare cases" such as those in which "the tortious activity occurred entirely online," allowing "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Id.* (quoting *Columbia Ins. Co.*, 185 F.R.D. at 577).

Requests for pre-service discovery may be granted upon a showing of good cause. *Id.*. District courts in this Circuit have developed a three-factor test to determine whether good cause exists to permit the sort of early discovery Plaintiffs seek to assist in identifying unknown defendants. *See MG Premium*, 2020 WL 1675741, at *1; *see also QOTD Film Inv. Ltd. v. Does 1-30*, No. 2:16-cv-00928-APG-GWF, 2016 WL 8735619, at *2 (D. Nev. May 6, 2016). "First, the moving party should be able to identify 'the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court.'" *MG Premium*, 2020 WL 1675741, at *1 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578). "Second, the moving party should be able to identify 'all previous steps taken to locate the elusive defendant.'" *Id.* at *2 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578). And "[t]hird, the moving party should be able to 'establish to the Court's satisfaction that [its] suit against defendant could withstand a motion to dismiss.'" *Id.* (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578).

The court finds that Plaintiffs have readily satisfied the first two factors. *See* 12/6/23 Order at 6 (finding the same). The third factor, however, presents a more difficult question. Although it is a close call, the court concludes that Plaintiffs'

likelihood of withstanding a motion to dismiss is not so small as to warrant denial of the present motion.

The court is mindful that, because Plaintiffs' claims sound in fraud, they are "subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019); (*see* Compl. at 6, 8 (alleging that Defendants engaged in "fraudulent misrepresentation" and "acted under [a] fraudulently manipulative cover in their connection with the site")); *see also In re Platinum and Palladium Antitrust Litig.*, 2017 WL 1169626, at *30 ("Rule 9(b) is the appropriate pleading standard with which to evaluate Plaintiffs['] CEA allegations."); *Wu v. Bitfloor, Inc.*, 460 F. Supp. 3d 418, 423 (S.D.N.Y. 2020) ("Where, as here, the plaintiffs' 'allegations suggest fraudulent conduct on defendants' part,' the 'CEA claims are subject to the heightened pleading requirements of Rule 9(b).'" (quoting *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 176 (S.D.N.Y. 2018))).

Federal Rule of Civil Procedure 9(b) requires that a party "alleging fraud or mistake" "must state with particularity the circumstances constitute fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). The Ninth Circuit has "occasionally relaxed the particularity requirement," however, where "plaintiffs cannot be expected to have personal knowledge of the relevant facts." *Sanford v.*

*MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). In addition to satisfying Rule 9(b)'s "particularity" requirement, the complaint must "also plead plausible allegations." *See id.*; *see also* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survies a motion to dismiss.").

The court concludes that Plaintiffs' claim under CFTC Rule 180.1 has a reasonable chance of withstanding a motion to dismiss.[2] In relevant part, Rule 180.1(a) makes it

> unlawful for any person, directly or indirectly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, to intentionally or recklessly:
> (1) Use or employ, or attempt to use or employ, any manipulative device, scheme, or artifice to defraud; [or]
> (2) Make, or attempt to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading[.]

17 C.F.R. § 180.1(a)(1)-(2).

Here, Plaintiffs allege that Defendants intentionally employed a scheme to defraud (the fake website) in connection with a contract of sale of a commodity (ETH) in interstate commerce. (*See* Compl. at 10 ("These end-point transactions impacted foreign commerce because the overwhelming amount of value demonstrably went to the Binance and OKX exchanges, whose business entitities are all incorporated outside of the US.").) Although Plaintiffs cannot yet state with particularity the "who," "what," or "where" of

//

//

---

[2] The court takes no position on Plaintiffs' claim under Section 4b of the CEA.

their case, they "cannot be expected to have personal knowledge" of those facts at this time. *Sanford*, 625 F.3d at 558.

The court therefore finds that Plaintiffs have established "good cause" to serve third-party subpoenas on the Binance 14, CEX.IO, and OKX 7 exchanges. Plaintiffs may serve Binance 14, CEX.IO, and OKX 7 with Rule 45 subpoenas commanding them to produce documents sufficient for Plaintiffs to identify Defendants' names, email addresses, and physical addresses. Plaintiffs are not permitted, however, to "seek redacted bank account numbers and associated banking institutions." (Mot. at 13.) Plaintiffs may only use the information disclosed in response to the Rule 45 subpoenas served on the exchanges for the purpose of protecting and enforcing Plaintiffs' rights as set forth in their complaint.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion (Dkt. # 5). The court ORDERS Plaintiffs to file a status report every 30 days from the date of this order informing the court of any relevant updates.

Dated this 21st day of May, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 8