```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STEPHEN JOHN CLAYTON, et al., | CASE NO. C24-0182JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| DOES, | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (together, "Plaintiffs") *ex parte* motion to permit alternative service of subpoenas on non-parties Binance Holdings Limited ("Binance") (located in the Cayman Islands), CEX.IO LTD ("CEX.IO") (located in the United Kingdom), and OKG Technology Holdings Limited ("OKX") (located in Hong Kong) (collectively, the "Exchanges").  (Mot. (Dkt. # 9).  *See generally* Binance Subpoena (Dkt. # 9-1); CEX.IO Subpoena (Dkt. # 9-2); OKX Subpoena (Dkt. # 9-3).)  On May 21, 2024, the court

ORDER - 1

granted Plaintiffs' *ex parte* motion for leave to serve third-party subpoenas on the Exchanges prior to a Rule 26(f) conference.  (5/21/24 Order (Dkt. # 6).  *See generally* MFL (Dkt. # 5).)  Plaintiffs now seek leave to deliver the subpoenas via email or, with respect to Binance, to "substitute" companies.  (*See generally* Mot.)  The court denies Plaintiffs' request to deliver the subpoenas via email or to substitute companies.  Plaintiffs are permitted, however, to deliver the subpoenas via physical mail.

## II.   ANALYSIS

Below, the court sets forth the relevant legal standard before denying Plaintiffs' request to serve the subpoenas via email or through substitute companies.  The court ultimately allows Plaintiffs to deliver the subpoenas via physical mail but warns Plaintiffs that the court cannot enforce compliance with a subpoena absent a showing of personal jurisdiction over the foreign corporation.

"The Federal Rules permit a party to seek discovery from non-party foreign corporations.  However, a Rule 45 subpoena on such an entity must be served by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(the 'Hague Service Convention')]."  *Hake v. Citibank, N.A.*, No. 19-mc-00125 (JGK) (KHP), 2020 WL 1467132, at *8 (S.D.N.Y. Mar. 26, 2020); *see also McKinnon v. Wash. Dep't of Corr.*, No. C21-5097BHS-MLP, 2022 WL 1449681, at *6 (W.D. Wash. May 9, 2022) (noting that Rule 45 subpoenas must be delivered "by means reasonably designed to ensure that [the non-parties] receive copies of the subpoenas").  Article 10(a) of the Hague Service Convention permits "service by mail" if

"the receiving state has not objected to service by mail" and if such service "is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017).[1]  The United Kingdom, the Cayman Islands, and Hong Kong are parties to the Hague Service Convention and have not objected to service by mail.  *Perlman v. Grant Thornton Cayman Is.*, No. 1:24-cv-20188-KMM, 2024 WL 1406351, at *1 (S.D. Fla. Feb. 1, 2024) ("[T]he Cayman Islands is a signatory to the Hague Convention and has not objected to service by mail."); *Shafik v. Aston Martin Lagonda of N. Am.*, No. 3:23-cv-00207-MPS, 2024 WL 1072868, at *3 n.2 (D. Conn. Mar. 12, 2024) (concluding that service through postal channels in the United Kingdom is appropriate under Article 10(a)); *Zhang v. Kon Ki Lo*, No. 14 Civ. 6945 (CM), 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020) ("China did not make any objection on behalf of Hong Kong to the sending of judicial documents by postal channels, directly to persons abroad, pursuant to Article 10(a) of the Convention" (citation and internal quotations omitted)).[2]

---

[1] For additional case law on the service of discovery subpoenas abroad, see *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 5578428, at *2, *5 (N.D. Fla. Feb. 18, 2020) (finding that a Rule 45 subpoena sent via "FedEx International Priority" to a French non-party "was served validly under Article 10(a)" because "France is a signatory to the Hague Service Convention and has not objected to the service methods in Article 10(a)"); *TracFone Wireless, Inc. v. Doe*, No. 11-cv-21871-MGC, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011) (noting that "subpoenas can be served by mail under Article 10(a)" and "such manner of service is consistent with federal court opinions . . . that have found that service of a Rule 45 subpoena need not be effectuated by personal delivery on the person being subpoenaed").

[2] For the most up-to-date information about the United Kingdom's, the Cayman Islands', and Hong Kong's status with respect to Article 10(a), see *China (Hong Kong SAR) – Other Authority (Art. 18) & Practical Information*, HCCH (last visited July 15, 2024), https://www.hcch.net/en/states/authorities/details3/?aid=393 [https://perma.cc/S99X-U6KB]; *United Kingdom – Central Authority & Practical Information*, HCCH (last visited July 15, 2024), https://www.hcch.net/en/states/authorities/details3/?aid=278 [https://perma.cc/B565-9QD9]; *United Kingdom – Other Authorities* (Art. 18), HCCH (last

1    Even if a subpoena is validly served under the Hague *Service* Convention,
2  however, the court "must have personal jurisdiction over [the] nonparty to compel
3  compliance with [the] discovery request under Rule 45." *In re 3M*, 2020 WL 5578428, at
4  *6.[3]  If the court lacks personal jurisdiction, "[t]here is no question that [the] party
5  attempting to obtain discovery from [the] foreign nonparty must resort to the Hague
6  *Evidence* Convention's discovery procedures." *Id.* at *7 n.6 (emphasis added) (collecting
7  cases); *see also McCarthy v. Johnson*, No. 21-mc-4 (GMH), 2022 WL 3038862, at *4
8  (D.D.C. Aug. 2, 2022) (collecting additional cases).[4]  The Hague Evidence Convention
9  "allows a signatory nation to use the judicial process of another signatory nation to
10 facilitate requests for judicial assistance." *In re Letter of Request from the Loc. Ct. in*
11 *Pankow, Ger.*, No. 3:24-cv-00682-AR, 2024 WL 1932549, at *1 (D. Or. May 2, 2024).
12 *See generally* HCCH, *Practical Handbook on the Operation of the Evidence Convention*
13 (2020).
14 //
15 //

---

16  visited July 15, 2024), https://www.hcch.net/en/states/authorities/details3/?aid=681 [https://perma.cc/RHA7-U9WQ].

17  [3]  For relevant personal jurisdiction case law, see *Picot v. Weston*, 780 F.3d 1206, 1211
18 (9th Cir. 2015) (discussing the traditional three-part test to assess personal jurisdiction over a defendant and noting that "[t]he plaintiff has the burden of proving the first two prongs"); *Gucci*
19 *Am., Inc. v. Bank of China*, 768 F.3d 122, 141-42 (2d Cir. 2014) (discussing personal jurisdiction in the context of foreign non-party discovery requests).

20  [4]  The "Hague Evidence Convention" is shorthand for the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  *See generally 20:  Convention of*
21 *18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, HCCH (last visited July 15, 2024), https://www.hcch.net/en/instruments/conventions/status-table/?cid=82
22 [https://perma.cc/M5LF-T6JT] (listing contracting parties, including China and the United Kingdom).

ORDER - 4

To begin, the court denies Plaintiffs' request to serve the Exchanges via email. An email receipt is generally insufficient to ensure delivery. *See Cunningham v. Matrix Fin. Servs., LLC*, No. 8:20-mc00065-CJC-JDE, 2021 WL 1156851, at *3 (C.D. Cal. Feb. 4, 2021) ("Generally, emailing a subpoena is not sufficient to effect service and provide fair notice."); *Bank of Okla. v. Arnold*, No. 06-CV-543-GKF-PJC, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) ("Even if the Court agreed that Rule 45 does not restrict the manner of service of a subpoena to personal service, the cases so holding . . . have not extended it to email[.]"); *cf. Tubar v. Clift*, No. C05-1154JCC, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007) (holding that service via facsimile is insufficient). Moreover, there is a "disagreement among the district courts . . . over whether the Hague Service Convention generally prohibits email service." *Cadence Design Sys., Inc. v. Fenda USA Inc.*, No. 23-cv-05916-RFL, 2024 WL 2284678, at *2, --- F. Supp. 3d --- (N.D. Cal. May 21, 2024). Because Plaintiffs know the Exchanges' addresses (*see* Binance Subpoena at 1; CEX.IO Subpoena at 1; OKX Subpoena at 1), the court will require Plaintiffs to mail printed copies of the subpoenas to the Exchanges.

The court also denies Plaintiffs' request to serve Binance via "substitute" companies. *See Douglas v. Bank of Am., N.A.*, No. C20-0193JLR, 2020 WL 3888262, at *3 (W.D. Wash. July 10, 2020) (noting that "plaintiffs must pierce the corporate veil if they wish to serve a foreign corporation through" a distinct corporate entity); *see also Naxos Res. (U.S.A.) Ltd. v. Southam Inc.*, No. CV 96-2314 WJR (MCx), 1996 WL 662451, at *3 (C.D. Cal. Aug. 16, 1996) (noting that piercing the corporate veil "is an extraordinary remedy reserved for extraordinary circumstances").

1    The court will, however, permit Plaintiffs to mail the subpoenas to the Exchanges
2    via Registered Mail International.  *See Certified Mail® - The Basics*, USPS (last visited
3    July 15, 2024), https://faq.usps.com/s/article/Certified-Mail-The-Basics#whatiscm
4    [https://perma.cc/KE92-TBSR]; *Registered Mail® International*, USPS (last visited July
5    15, 2024), https://faq.usps.com/s/article/What-is-Registered-Mail-International
6    [https://perma.cc/J4KG-FZE5]; *accord Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co.
7    Ams.*, 262 F.R.D. 293, 307 (S.D.N.Y. 2009) ("The Second Circuit has permitted service
8    on corporations via international registered mail pursuant to the Hague Convention where
9    the party effecting service submits sufficient proof of service.").

10    The court warns Plaintiffs that mere delivery of the subpoenas to the Exchanges
11    does not mean the Exchanges will or must comply with them.  To be clear:  the court is
12    merely authorizing Plaintiffs to deliver the subpoenas to the Exchanges via physical mail;
13    the court is **NOT** compelling the Exchanges to respond to the subpoenas at this time and
14    will not do so absent their consent or a future showing that the court has jurisdiction over
15    them.[5]  It may well be that the court lacks personal jurisdiction over the Exchanges and
16    that Plaintiffs must follow the procedures for discovery set forth in the Hague Evidence
17    Convention.  *See First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No.
18    2:19-cv-09577-PSG-GJS, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021) ("Courts in
19    //

---

[5] Even if the court had personal jurisdiction, the court would still have to consider any relevant "blocking" statutes and possibly conduct a "comity analysis" to determine whether Plaintiffs should proceed through the Hague Evidence Convention regardless.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987) (listing five factors "relevant to any comity analysis").

the Ninth Circuit . . . have consistently held that where compliance is required in another district, the issuing court is without jurisdiction to enforce the subpoena." (collecting cases)); *see also Microsoft Corp. v. Premier Selling Techs.,* No. C15-0463RAJ, 2015 WL 1408915, at *4 (W.D. Wash. Mar. 26, 2015) (refusing to order unknown third parties to comply with discovery subpoenas within a certain time frame because the third parties might not be "located in the United States or otherwise subject to the court's jurisdiction").

This court deeply respects the sovereignty of other nations and will not order a corporation operating in a foreign country to comply with a subpoena absent a showing that the court has personal jurisdiction over that corporation. At this juncture, the court is simply allowing Plaintiffs to mail subpoenas to the Exchanges in accordance with Article 10(a) of the Hague Service Convention.

### III.   CONCLUSION

For the foregoing reasons, the court AUTHORIZES Plaintiffs to mail copies of the subpoenas to the Exchanges via USPS Registered Mail International. Plaintiffs are ORDERED to file a declaration on the docket attesting that the subpoenas were mailed and delivered to the Exchanges, with proof of delivery attached. Plaintiffs shall file a status report 90 days after filing their declaration and every 90 days thereafter informing the court of any relevant updates. Plaintiffs are warned that the court will deny any future motion to compel absent a showing that the court has personal jurisdiction over the

//

//

non-party from whom discovery is sought.  Plaintiffs are encouraged to seek discovery through the Hague Evidence Convention.  The court DIRECTS the Clerk to terminate Plaintiffs' motion (Dkt. # 9).

Dated this 16th day of July, 2024.

JAMES L. ROBART
United States District Judge