UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOES,<br><br>        Defendants. | CASE NO. C24-0182JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court are four motions filed by *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton:  (1) a motion for discovery from third party Domains by Proxy, LLC ("DBP") (Disc. Mot. (Dkt. # 16)); (2) a "motion for joinder of identified CEX.IO platform user" (Joinder Mot. (Dkt. # 17)); (3) a motion for contempt of Binance Holdings Limited ("Binance") (Binance Mot. (Dkt. # 18)); and (4) a motion for contempt of OKG Technology Holdings Limited ("OKG") (OKG Mot. (Dkt. # 19)).  The court GRANTS Plaintiffs' motion for discovery from a third party, GRANTS in part and

ORDER - 1

DENIES in part Plaintiffs' motion for joinder of an identified CEX.IO LTD ("CEX.IO") user, DENIES Plaintiffs' motion for contempt of Binance, and DENIES Plaintiffs' motion for contempt of OKG.

## II. BACKGROUND

This case arises out of an alleged cryptocurrency scam. Plaintiffs allege that unknown fraudsters created a fake cryptocurrency exchange accessible via "vip.biitflyeir.com."[1] (Compl. (Dkt. # 1) at 1.) Stephen John Clayton claims to have deposited 51.355 units of Ethereum ("ETH") into an account on that website, which "appeared and reasonably functioned in the same way as other cryptocurrency trading platforms[.]" (*Id.* at 2-3.) He thought he was making "gains," but in reality, nearly all of the ETH had been transferred out of his account "on the back-end." (*See id.* at 5-6, 9.)

Plaintiffs seek to unmask the "dark net entity" that allegedly defrauded them. (*Id.* at 9.) Plaintiffs claim to have "utilized professional cryptocurrency tracing services" to discover the "transaction IDs" associated with the fraudulent transfers of ETH out of Stephen John Clayton's account. (*Id.* at 10.) According to Plaintiffs, the fraudulent transfers are "definitely associated with wallets" on exchanges operated by non-parties Binance, OKG, and CEX.IO.

On May 21, 2024, the court granted Plaintiffs leave to serve third-party subpoenas on Binance, OKG, and CEX.IO to "produce documents sufficient for Plaintiffs to identify Defendants' names, email addresses, and physical addresses." (5/21/24 Order (Dkt. # 6)

//

---

[1] As opposed to "bitflyer.com."

at 8.) Because the exchanges operate abroad,[2] Plaintiffs filed a motion to serve the exchanges via email. (Service Mot. (Dkt. # 9).) The court denied that request but permitted Plaintiffs to mail copies of the subpoenas to the exchanges because the "United Kingdom, the Cayman Islands, and Hong Kong are parties to the Hague Service Convention and have not objected to service by mail." (7/16/24 Order (Dkt. # 10) at 3, 5-6.) The court "warn[ed] Plaintiffs that mere delivery of the subpoenas to the Exchanges does not mean the Exchanges will or must comply with them." (*Id.* at 6.) Furthermore, the court emphasized that if Plaintiffs failed to meet their burden with respect to establishing personal jurisdiction, there would be "no question" that Plaintiffs would have to "resort to the Hague Evidence Convention's discovery procedures." (*Id.* at 4 (quoting *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 5578428, at *7 n.6 (N.D. Fla. Feb. 18, 2020)).) To remove any doubt, the court also instructed Plaintiffs that it was "merely authorizing Plaintiffs to deliver the subpoenas to the Exchanges via physical mail" and was "**NOT** compelling the Exchanges to respond to the subpoenas" and would not do so "absent their consent or a future showing that the court has jurisdiction over them." (*Id.* at 6.)

Plaintiffs mailed the subpoenas abroad, which resulted in limited success. CEX.IO provided information concerning one individual purportedly involved in the fraudulent transactions. (Joinder Mot. at 3.) That individual is Guotao Yang, who

//

---

[2] Binance is located in the Cayman Islands, CEX.IO is located in the United Kingdom, and OKG is located in Hong Kong. (*See generally* Binance Subpoena (Dkt. # 9-1); CEX.IO Subpoena (Dkt. # 9-2); OKG Subpoena (Dkt. # 9-3).)

1 appears to reside in China.  (*Id.*)  Plaintiffs did not receive a response from Binance (*see*

2 Binance Mot. at 4), and OKG refused to provide Plaintiffs with any information about its

3 users (*see* OKG Email (Dkt. # 19-2)).

4      Plaintiffs now request a smorgasbord of relief through the present four motions.

5 The court considers each motion in turn.

### III.   MOTION FOR DISCOVERY

7      Plaintiffs' first motion seeks leave to subpoena information from DBP, a third

8 party located in Arizona.  (*See generally* Disc. Mot.)  According to Plaintiffs, DBP is a

9 "DNS proxy service with which GoDaddy partners" that should have information

10 concerning the individual(s) who registered the fraudulent website domain.  (*Id.* at 1-2.)

11 For the same reasons the court found good cause to permit Plaintiffs to serve Binance,

12 OKG, and CEX.IO (*see* 5/21/24 Order at 4-8), the court again finds good cause to grant

13 Plaintiffs leave to serve a third-party subpoena on DBP prior to a Rule 26(f) conference.

14 Plaintiffs may serve DBP with a Rule 45 subpoena commanding it to produce documents

15 sufficient to identify the name(s), email address(es), and physical address(es) of the

16 individual(s) who registered the vip.biitflyeir.com domain.  The court therefore grants

17 Plaintiffs' motion to permit third-party discovery (Dkt. # 16).

### IV.   MOTION FOR JOINDER

19      Plaintiffs' second motion concerns Mr. Yang.  (*See generally* Joinder Mot.)

20 Plaintiffs ask the court to (1) join Mr. Yang as a defendant, (2) authorize "any means of

21 service of process" on Mr. Yang, and (3) order that his CEX.IO account "be frozen as a

22 //

specific form of injunctive relief." (*Id.* at 13.) The court considers Plaintiffs' requests in turn.

First, in light of information from CEX.IO associating Mr. Yang with the allegedly fraudulent transactions, the court grants Plaintiffs' request to join Mr. Yang as a defendant. Pursuant to Federal Rule of Civil Procedure 21, the court directs the Clerk to add Mr. Yang as a defendant in this matter.

Second, the court will not authorize any alternative means of service, particularly email service, on Mr. Yang at this stage. Plaintiffs have an address for Mr. Yang, which they believe to be derived from his passport. (*See* Joinder Mot. at 3-5.) As Plaintiffs seem to recognize, they must proceed through the Hague Service Convention. (*See id.* at 8-9.) The court denies Plaintiffs' request for it "to act as Applicant on a Hague Model Form" (*id.* at 9) and will not do so unless and until Plaintiffs prepare all of the necessary materials and file a motion with appropriate citations to relevant case law. Serving process in China is a technical task. Plaintiffs, who are not proceeding *in forma pauperis*, would likely benefit from the assistance of an attorney skilled in cross-border litigation, as the court cannot provide legal advice to Plaintiffs to help them navigate the Hague Service Convention.

Finally, the court denies Plaintiffs' request for an injunction freezing Mr. Yang's cryptocurrency assets located in the United Kingdom. Plaintiffs have made no showing that the court has personal jurisdiction over Mr. Yang or CEX.IO and have not analyzed the relevant legal standard concerning preliminary injunctions and temporary restraining

//

orders. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126-27 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

In sum, the court grants in part and denies in part Plaintiffs' motion for joinder (Dkt. # 17) of Mr. Yang.

## V.    MOTIONS FOR CONTEMPT

Plaintiffs' third and fourth motions ask the court to (1) hold Binance and OKG in contempt for failing to provide information in response to the subpoenas and (2) join Binance and OKG as defendants in this action. (*See generally* Binance Mot; OKG Mot.) The court denies both motions in their entirety.

First, the court will not hold Binance and OKG in contempt for failing to provide information in response to the subpoenas because the court previously informed Plaintiffs that it would "**NOT** compel[] the Exchanges to respond to the subpoenas . . . absent . . . a future showing that the court has jurisdiction over them" (7/16/24 Order at 6), and Plaintiffs have failed to establish that the court has personal jurisdiction over Binance or OKG in this matter. Neither Plaintiffs' motion nor their supplemental brief concerning personal jurisdiction (Supp. Br. (Dkt. # 14)) explain whether, why, or how the court has general or specific jurisdiction over Binance and OKG. Indeed, Plaintiffs write that "the platforms . . . are only tied to the forum because of a single or few respective acts by Does." (*Id.* at 3.) The court concludes that Plaintiffs have fallen well short of satisfying their burden with respect to personal jurisdiction.

Second, the court will not add Binance and OKG as Defendants because Plaintiffs do not allege any wrongdoing by them in their complaint. (*See generally* Compl.)

1  Plaintiffs are upset that Binance and OKG have not cooperated in their efforts to identify
2  the Doe Defendants who allegedly stole Plaintiffs' cryptocurrency, but that alone is not
3  reason to name Binance and OKG as defendants in this matter.  Plaintiffs may amend
4  their complaint if they wish to assert claims against Binance and OKG.  *See* Fed. R. Civ.
5  P. 15(a)(1) (allowing a party to "amend its pleading once as a matter of course").
6  Accordingly, the court denies Plaintiffs' motions to compel (Dkt. ## 18, 19).

### VI.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for third-party discovery (Dkt. # 16), GRANTS in part and DENIES in part Plaintiffs' motion for joinder (Dkt. # 17), DENIES Plaintiffs' motion for contempt of Binance (Dkt. # 18), and DENIES Plaintiffs' motion for contempt of OKG (Dkt. # 19).  The court DIRECTS the Clerk to add Guotao Yang as a defendant in this matter.

Dated this 24th day of September, 2024.

JAMES L. ROBART
United States District Judge