UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>                Plaintiffs,<br>    v.<br><br>DOES, et al., et al.<br><br>                Defendants. | CASE NO. C24-0182JLR<br><br>ORDER |

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (the "Claytons") motion for summary judgment against Defendant Guotao Yang (MSJ (Dkt. # 51)). Mr. Yang has not responded. (*See generally* Dkt.) The court has reviewed the Claytons' motion, the record, and the applicable law. Being fully advised,[1] the court DENIES the Claytons' motion.

---

[1] The Claytons do not request oral argument, and the court concludes that oral argument is not necessary to decide the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

The court set forth much of the factual background of this matter in its prior orders (*see, e.g.*, 11/22/24 Order (Dkt. # 24) at 2-4; 9/24/24 Order (Dkt. # 21)), and does not repeat that background here except as relevant.  The Claytons claim that they were defrauded when funds they deposited into an account on a fake cryptocurrency exchange were later transferred out of the account.  (*See* Am. Compl. (Dkt. # 42) at 1-4.)  During discovery in this action, the Claytons learned information concerning Mr. Yang, an individual who resides in China.  (*See* Joinder Mot. (Dkt. # 17) at 3.)  In September 2024, the court permitted the Claytons to join Mr. Yang as a Defendant and required them to serve process on Mr. Yang under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  (9/24/24 Order at 4-6.)  On January 30, 2025, the Claytons advised the court that they had served process on Mr. Yang.  (Affidavit (Dkt. # 35).)

On February 8, 2025, Mr. Yang appeared in this action and moved to dismiss the Claytons' complaint for failure to state a claim against him.  (*See* MTD (Dkt. # 38).)  The court granted Mr. Yang's motion (*see* 3/12/25 Order (Dkt. # 41)), and the Claytons amended their complaint on March 15, 2025 to add additional allegations against Mr. Yang.  (Am. Compl.)  On April 16, 2025, the court entered an initial scheduling order and, in relevant part, set the deadline for a Rule 26(f) conference for April 30, 2025.  (4/16/25 Order (Dkt. # 44)); *see* Fed. R. Civ. P. 26(f).

Mr. Yang has neither responded to the Claytons' amended complaint nor moved to dismiss it.  (*See generally* Dkt.)  Additionally, on April 30, 2025, the Claytons represented that Mr. Yang did not participate in a Rule 26(f) conference and did not

respond to the Claytons' attempts to schedule such a conference. (*See* Status Report (Dkt. # 47) at 2.)

On June 3, 2025, the Claytons moved for summary judgment on their claims against Mr. Yang. (*See* MSJ.) In pertinent part, the Claytons argue that they are entitled to judgment against Mr. Yang because he has not participated in this litigation. (*See id.* at 1-5, 10.) The Claytons' motion for summary judgment is now ripe for consideration.

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 216 (2015). To carry its burden in moving for summary judgment, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Jones v. Williams*, 791 F.3d 1023, 1030-31 (9th Cir. 2015) (quotations omitted). If the moving party meets its burden of production, the nonmoving party must identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also* Local Rules W.D. Wash. LCR 10(e)(6) ("Citations to documents already in the record . . . must include a citation to the docket number and the page number[.]").

1  Here, the Claytons fail to meet their burden in moving for summary judgment
2  because they do not produce any relevant evidence or cite any evidence in the record
3  supporting their motion. (*See generally* MSJ.) Indeed, the Claytons clarify in their
4  motion that they need additional discovery from Mr. Yang and others. (*See id.* at 9-10,
5  13-15.) Given Mr. Yang's failure to answer the Claytons' operative complaint and to
6  participate in a Rule 26(f) conference, the Claytons must move for entry of default
7  against Mr. Yang and then for a default judgment as to Mr. Yang, rather than summary
8  judgment. *See* Fed. R. Civ. P. 55. Specifically, Federal Rule of Civil Procedure 55 sets
9  forth a two-step process for entry of default judgment. *See Eitel v. McCool*, 782 F.2d
10 1470, 1471 (9th Cir. 1986). The plaintiff must first obtain entry of default against the
11 defendant. *See* Fed. R. Civ. P. 55(a); Local Rules W.D. Wash. LCR 55(b)(1). Only after
12 the clerk enters default may the plaintiff move for entry of default judgment. *See* Fed. R.
13 Civ. P. 55(b); *see also* Local Rules W.D. Wash. LCR 55(b)(2) (requiring plaintiffs to
14 provide a sworn declaration or other evidence supporting a motion for default judgment,
15 including evidence concerning the calculation of amounts sought).
16  For the foregoing reasons, the court DENIES the Claytons' motion for summary
17 judgment (Dkt. # 51).
18  Dated this 23rd day of July, 2025.

JAMES L. ROBART
United States District Judge