1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>     Plaintiffs,<br><br> v.<br><br>DOES, et al.,<br><br>     Defendants. | CASE NO. C24-0182JLR<br><br>ORDER |

Before the court is *pro se* Plaintiffs Stephen Clayton and Christopher Clayton's (the "Claytons") motion to compel non-party Industrial and Commercial Bank of China (USA) NA ("ICBC USA") to respond to a subpoena for documents and information. (MTC (Dkt. # 58).) The court has reviewed the Claytons' motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion. Further, the court ORDERS the Claytons to carefully review this district's Local Civil Rules and to ensure that all future filings comply with those rules.

ORDER - 1

The Claytons claim that they were defrauded when cryptocurrency they deposited into an account on a fake cryptocurrency exchange was later transferred out of the account.[1] (*See* 2d Am. Compl. (Dkt. # 60) at 1-3.) To unmask those responsible, in pertinent part, the Claytons sought and obtained leave to serve three successive rounds of third-party subpoenas prior to a Rule 26(f) conference,[2] including on International and Commercial Bank of China Ltd. ("ICBC"). (See 3/12/25 Order (Dkt. # 41) 10-12 & n.5 (granting leave to serve ICBC); *see also* 9/24/24 Order at 4 (granting leave to serve a non-party proxy service); 5/21/24 Order (Dkt. # 6) at 4-8 (granting leave to serve three non-party exchanges).)[3]

The court liberally granted the Claytons' requests for leave to conduct pre-conference discovery. The Claytons, however, did not focus their discovery efforts on the entities they identified and as to which the court granted leave. Instead, the Claytons continued to seek to serve subpoenas on new non-party entities, and they improperly moved for sanctions against non-parties, and to add non-parties as defendants, based upon perceived inadequacies in the non-parties' document productions. (*See, e.g.*,

---

[1] The court set forth much of the factual background of this matter in its prior orders (*see, e.g.*, 11/22/24 Order (Dkt. # 24) at 2-4; 9/24/24 Order (Dkt. # 21)), and therefore does not repeat that background here except as is relevant.

[2] Generally, "discovery proceedings take place only after the defendant has been served." *MG Premium Ltd. v. Does 1-20*, No. C20-5134BHS, 2020 WL 1675741, at *1 (E.D. Wash. Apr. 6, 2020) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). In rare cases, however—including where tortious activity occurs entirely online—courts have made exceptions by allowing limited discovery to permit the plaintiff to learn the identifying facts necessary to serve the defendant. *See id.*

[3] Moreover, in a prior action concerning the same subject matter, the Claytons also twice moved for leave to conduct discovery before a Rule 26(f) conference. (*See* 5/21/24 Order at 1 (citing *Clayton v. Does*, No. C23-1324JLR (W.D. Wash.)).)

5/21/25 Order at 3-5 (denying request to join non-party as a defendant); 9/24/24 Order at 6-7 (denying request to join two non-parties as defendants); 11/22/24 Order at 6-9, 11 (denying request to hold non-parties in contempt and detailing the Claytons' prior unsuccessful efforts to hold non-parties in contempt).) Most recently, after receiving leave to serve a subpoena on non-party Domains by Proxy, LLC ("DBP"), the Claytons sought to add as defendants several non-parties who were in the same corporate family as DBP, even though the Claytons had not received leave to serve subpoenas on any of those entities. (*See* 5/21/25 Order at 3-4 & n.1.) The court denied that request and cautioned the Claytons that it would "not grant further leave to pursue third-party discovery from additional entities" and advised that "Plaintiffs must pursue discovery from the entities that they have already identified and subpoenaed." (*Id.*)

On August 16, 2025, notwithstanding the court's warning and their lack of leave to serve a subpoena on ICBC USA (*see id.*; *see generally* 3/12/25 Order), the Claytons moved to compel discovery responses from ICBC USA (*see* MTC). The Claytons acknowledge that ICBC USA is a separate entity from ICBC (*see id.* at 8-10), and the Claytons do not state that they attempted to serve a subpoena on ICBC (*see generally id.*). Moreover, the Claytons also failed to comply with the applicable local rules before filing their motion, including the requirement to meet and confer to attempt "to resolve the dispute without court action[,]" and to include a word count certification in the signature block of their motion. *See* Local Rules W.D. Wash. LCR 37(a) (requiring meet-and-confer certification), 7(e)(6) (requiring word count certification). Consequently, the Claytons' motion is improper for multiple reasons, and the court

ORDER - 3

denies the motion. The court again reminds the Claytons that they must pursue discovery from the entities that they have already identified and subpoenaed, including ICBC,[4] rather than attempting to subpoena new entities.

The court has allowed the Claytons broad leeway to conduct discovery and has sought to accommodate the Claytons' *pro se* status. The court observes, however, that the Claytons' frequent and unsuccessful motions, legally meritless arguments, and loose construction of the court's orders have drained significant judicial resources. "[P]*ro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (cleaned up). Consequently, the court warns the Claytons that—regardless of their *pro se* status— "frivolous arguments, unsupported by legal authority" run afoul of their obligations to make contentions that are supported by law. *See Feller v. Indymac Mortg. Servs.*, No. 09-5720RJB, 2010 WL 1331066, at *3 (W.D. Wash. Mar. 31, 2010) (citing Fed. R. Civ. P. 11(b)). Before seeking further judicial relief, the Claytons must ensure that any motions they file and any arguments they make are supported by law and comply with the court's prior rulings.

For the foregoing reasons, the court DENIES the Claytons' motion to compel (Dkt. # 58). The court ORDERS the Claytons to carefully review this district's Local Civil Rules, which are available on this district's website at

---

[4] To serve ICBC in China, the Claytons must comply with the Hague Service Convention and respect China's objection to service by mail under Article 10(a) of the Hague Service Convention. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020).

https://www.wawd.uscourts.gov/local-rules-and-orders, and to ensure that all future filings comply with those rules.

Dated this 3rd day of September, 2025.

JAMES L. ROBART
United States District Judge