UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>Plaintiff,<br><br>v.<br><br>DOES, et al.,<br><br>Defendant. | CASE NO. C24-0182JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (together, the "Claytons") *ex parte* motion for the court to issue a letter of request to the Supreme People's Court of the People's Republic of China (the "PRC Court") regarding the collection of evidence from Industrial and Commercial Bank of China, Ltd. ("ICBC"). (Mot. (Dkt. # 69); Application (Dkt. # 66); Letter of Request

(Dkt. # 66-1); *see also* SAC (Dkt. # 60).)[1] Having considered the motion, the record, and the relevant law, the court GRANTS the Claytons' motion.

## II. BACKGROUND

The court has discussed many of the relevant facts in its prior orders, so it only repeats them here as necessary to rule on the present motion. (*See, e.g.*, 9/25/25 Order (Dkt. # 63); 3/12/25 Order (Dkt. # 41); 11/22/24 Order (Dkt. # 24).)

The Claytons claim that they were defrauded when cryptocurrency they deposited into an account on a fake cryptocurrency exchange was later transferred out of the account. (*See* SAC at 1-4.) Despite substantial efforts to identify the alleged perpetrators, the Claytons have been unsuccessful in doing so. The Claytons have, however, obtained a name—Peijin Wu ("Peijin")—that is associated with a cryptocurrency transaction downstream from the Claytons' loss and a related, partially-redacted ICBC transaction number. (*See* 2/8/25 Mot. (Dkt. # 39) at 6; Application at 3.) Accordingly, the Claytons sought leave to pursue discovery from ICBC to gather information sufficient to add Peijin as a defendant. (2/8/25 Mot. at 7-8.) The court liberally construed the Claytons' motion as one for leave to serve a third-party subpoena on ICBC prior to a Rule 26(f) conference, which it granted. (3/12/25 Order at 4.)

In August 2025, The Claytons served subpoenas to multiple U.S.-based entities and branches associated with ICBC. (*See* Seattle Affidavit (Dkt. # 56); New York

[1] The Claytons initially submitted this motion and most of the information relevant to their request as an "application" on February 8, 2026. (*See* Application.) On June 20, 2026, they formally moved for the court to issue the letter of request. (*See* Mot.)

Affidavit (Dkt. # 57).) They also submitted an evidence request to the PRC Court seeking discovery from ICBC pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"). (9/7/25 Status Report (Dkt. # 62) at 3-4); *see generally* Convention, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S 7444. To date, these efforts have yielded no results. (*See* 8/16/25 Mot. at 2-3; 12/25/25 Status Report (Dkt. # 65) at 3.) However, in rejecting the Claytons' evidence request, the PRC Court indicated that it may consider their request "by means of a Letter of Request . . . issued by . . . a US Court[.]" (Evidence Rejection (Dkt. # 65-1).) The Claytons now move the court to issue such a letter.

## III. ANALYSIS

The Convention "allows judicial authorities in one signatory country to obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.'"[2] *Tulip Comput. Intern. B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (quoting Convention art. 1). Under the Convention, a party can collect evidence by asking a U.S. court to issue a letter of request to the competent authority in a foreign signatory state. *Id.*; *Haim v. Doe*, No. CV 22-3536 (RBW), 2023 WL 4404954, at *6 (D.D.C. July 7, 2023).

Courts typically consider five factors when determining whether Convention procedures are warranted under international principles of comity: "1) the importance to

---

[2] Both China and the United States are signatories to the Convention. *See Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Oct. 8, 2026).

the litigation of the information requested, 2) the degree of specificity of the request, 3) whether the information originated in the United States, 4) the availability of alternative means to secure the information, and 5) the extent to which noncompliance would undermine important interests of the United States or of the state where the information is located." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-0861RSM, 2014 WL 202102, at *1 (W.D. Wash. Jan. 17, 2014) (citing *Societe Nationele Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 544 n.28 (1987)). Parties seeking to pursue discovery through the Convention bear the burden of showing that Convention procedures are necessary and appropriate. *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004). "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Tulip Comput.*, 254 F. Supp. 2d at 474 (citing *Aerospatiale*, 482 U.S. at 541).

All five factors weigh in favor of granting the Claytons' request. First, the requested information is critical to this litigation. The Claytons seek identifying information about a potential defendant where no named defendant is currently party to the case. (*See* Application at 2; Mot. at 2.) Simply put, without the requested information, the Claytons cannot properly affect service on Peijin and will be unable to continue prosecuting their case for lack of alternative leads. *See Haim*, 2023 WL 4404954, at *7 ("Without access to the defendant's name and address . . . [the plaintiff] will be unable to prosecute her case.").

Second, the Claytons have made a targeted request that is highly specific by asking only for a "legal name, email address, and last-known physical address" based on a single name and partially redacted ICBC transaction number. (*See* Letter of Request at 3); *see also Haim*, 2023 WL 4404954, at *7 (finding a request seeking only a single defendant's full name and address to be highly specific).

Third, ICBC is a foreign entity, and Peijin's account is based in China, which suggest that Convention procedures are appropriate. *See Tulip Comput.*, 254 F. Supp. 2d at 474 (citing *Aerospatiale*, 482 U.S. at 541).

Fourth, the Claytons have exhausted other means to gather more information about Peijin. They served subpoenas on and tried to confer with U.S.-based entities related to ICBC but did not receive relevant information. (*See* Seattle Affidavit; New York Affidavit; 9/7/25 Status Report at 3-4.) They also directly submitted an evidence request to the PRC Court only to be rejected because the request was "issued by the plaintiff's attorney instead of the US Court." (Evidence Rejection.) Because there appears to be "no other potential way" for the Claytons to obtain their requested discovery aside from issuing the letter of request, this factor favors granting the motion. (Application at 6.)

Fifth, neither the United States nor China's interests will be undermined by the court issuing this letter. In fact, the United States has a "substantial interest in vindicating the rights of American plaintiffs," which will be impossible without identifying a specific defendant. *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1162 (D. Or. 2015) (citation omitted). Although foreign nations have an interest in adhering to their domestic discovery procedures, questions on whether and

how to carry out discovery requests are best left to tribunals in their respective countries. *See Cascade Yarns*, 2014 WL 202102, at *2 (collecting cases). Accordingly, factor five favors granting the Claytons' motion.

In sum, all five enumerated factors weigh in favor of issuing the letter of request sought by the Claytons. Accordingly, the court GRANTS the Claytons' motion and authorizes the sending of a letter of request to the PRC Court.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Claytons' motion for a cross-judicial letter of request (Dkt. # 69) and will execute the letter without delay.

Dated this 13th day of October, 2026.

A
JAMES L. ROBART
United States District Judge